IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST CO., § § § | |
| Plaintiff, § § | |
| v. § | CIVIL ACTION NO. B:12-59 |
| § | |
| ERIC SHULL AND HIMELDA SHULL, § § § § | |
| Defendants. § | |

## MEMORANDUM AND ORDER

BE IT REMEMBERED, that on August 30, 2013, the Court considered Plaintiff's Motion for Summary Judgment, Dkt. No. 24; Plaintiff's Response to Court's Order to Show Cause filed August 5, 2013, Dkt. No. 30; and the entire record in this case.

Plaintiff Deutsche Bank National Trust Co. brings this action under the Texas trespass-to-try-title statute, TEX. PROP. CODE § 22.001(a), seeking "a judgment for possession of" real property located at 2009 Vista Verde Circle West, Harlingen, Texas 78552 ("the Vista Verde property")[1]. Compl. 6, Dkt. No. 1. In its complaint, Plaintiff alleges that Defendants Himelda Shull ("H. Shull") and Eric Shull ("E. Shull") continue to occupy the Vista Verde Property after Plaintiff purchased it at a non-judicial foreclosure sale on June 7, 2011. *Id.* at 2.

The Court has three matters before it. First, Plaintiff has filed a motion for summary judgment. Dkt. No. 24. The remaining two matters arise out of this Court's July 22, 2013, order. Dkt. No. 25. In that order, the Court struck

---

[1] Plaintiff's request for relief reads in full: "Plaintiff. . . asks the Court to determine that Plaintiff holds legal and equitable title to the Property, award Plaintiff court costs and reasonable attorneys' fees as allowed for bringing this suit, and requests a judgment for possession of the Property as well as all other writs and processes available that will secure possession of the Property in Plaintiff." Dkt. No. 1 at 6.

Defendants' answer from the record.  *See Id.* at 3.  Observing that E. Shull has not appeared in this action, this Court ordered Plaintiff to show cause why its claim against E. Shull should not be dismissed for failure to provide proof of service upon him.  *See id.* (citing FED. R. CIV. P. 4(e)(2)(B), 4(m)).  The Court further ordered Plaintiff to show cause, "if the Court dismisses E. Shull, why this action should not be dismissed for failure to join a party required by Federal Rule of Civil Procedure 19."  *Id.* (citing *Groves v. Rogers*, 547 F.2d 898, 900 (5th Cir. 1977) (per curiam)).  Plaintiff timely responded.  Dkt. No. 30.  It argues only that E. Shull is not in possession of the Vista Verde Property and that he therefore need not be joined under rule 19.  *See id.*  Plaintiff therefore urges the Court to grant its motion for summary judgment.  *See id.* at 6.

## I. SERVICE OF PROCESS UPON ERIC SHULL

More than 120 days have passed since Plaintiff filed its complaint on March 26, 2012, Dkt. No. 1.  *See* FED. R. CIV. P. 4(c)(1) ("A summons must be served with a copy of the complaint.  The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.").  Federal Rule of Civil Procedure 4(m) provides in pertinent part that "[i]f a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

Plaintiff filed a document purportedly showing service upon E. Shull on April 9, 2012.  Dkt. No. 6.  The Court raised questions about this evidence in its July 22, 2013, order.

> Federal Rule of Civil Procedure 4(e)(2)(B). . . authorizes service on an individual within the United States by "leaving a copy of [the summons and complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there."  FED. R. CIV. P. 4(e)(2)(B).  A plaintiff has the burden to show that the place at which a complaint and summons is left is a defendant's dwelling or usual place of abode.  *See Thanco Prods. and Imports, Inc. v. Kontos*, Civ. A.  No. H-08-3046, 2009 WL 540963, at *3–*5 (S.D. Tex.  Mar 3, 2009).

> Plaintiff has filed an affidavit of the process server who avers that she served E. Shull by leaving a copy of the complaint and summons with a person of suitable age and discretion at the Vista Verde property at issue in this case. *See* Dkt. No. 7 at 4. In an attached, unsworn proof of service form, Plaintiff represents by checking a box that the address at which the summons and complaint were left was E. Shull's dwelling or usual place of abode. *See id.* at 3.
>
> Other portions of the record could be viewed as inconsistent with this assertion. In the Joint Discovery/Case Management Plan filed on November 29, 2012, H. Shull stated that she had not received mail at the Vista Verde property at issue in this case "for some time." Dkt. No. 21 at 5; Ans., Dkt. No. 8 at 3. It is not clear where she resided at that time, but she received notice of this lawsuit when a copy of the summons and complaint was left at the Vista Verde property on April 4, 2012. *See* Dkt. No. 7 at 1. H. Shull also informed Plaintiff's counsel that she "did not know Defendant Eric Shull's address or phone number." Dkt. No. 21 at 1.

Dkt. No. 30 at 2. (Alterations except first ellipsis in original.)

Plaintiff responds by arguing that E. Shull's dismissal does not mandate dismissal of this action for failure to join an indispensable party because H. Shull has represented that E. Shull "does not reside at the property." Dkt. No. 30 at 1. That is, Plaintiff no longer contends that it served E. Shull at his residence or usual place of abode within the Rule 4(m) deadline, and, since Plaintiff does not seek an extension of its deadline to serve E. Shull, the Court must dismiss Plaintiff's claim against him without prejudice.

## II.   NECESSARY PARTY

In its response to this Court's show-cause order, Plaintiff argues that E. Shull is not a necessary party "[b]ecausee [E. Shull] is not a title holder and is not in possession of the property and is not asserting any interest in the property." Dkt. No. 30 at 3. For the reasons given in Part I, the record supports the conclusion that

E. Shull no longer occupies the Vista Verde Property, i.e., he no longer possess it. However, the court cannot determine whether he claims title to that property on this record, and, in contrast with its response to the show-cause order, Plaintiff's continues to plead in its complaint that E. Shull claims title to the Vista Verde Property. Dkt. No. 1 at 5.

Plaintiff brings two distinct types of claims under Texas law when it requests in its complaint a judgment "quieting title to the Property" on the one hand and a judgment for possession on the other.[2] *See* Dkt. No. 1 at 5. A quiet-title action, also called a suit to clear title or remove cloud from title, "relies on the invalidity of the defendant's claim to the property." *Essex Crane Rental Corp. v. Carter*, 371 S.W.3d 366, 388 (Tex. App.-Hous. [1st Dist.] 2012) (citing *Longoria v. Lasater*, 292 S.W.3d 156, 165 n. 7 (Tex. App.-San Antonio 2009, pet. denied)); *see also Calderon v. Bank of Am. N.A.*, Civ. No. SA-12-121-DAE, 2013 WL 1741951, at *14 (W.D. Tex. Apr. 23, 2013) (A suit to quiet title is an equitable action in which the plaintiff seeks to remove from his title a cloud created by an allegedly invalid claim.") (citing *Jones v. Cont'l Royalty Co.*, 115 F.2d 731, 731–32 (5th Cir. 1940)) (other citation omitted). "A trespass-to-try-title action procedure by which claims to title or the right of possession may be adjudicated," and, to prevail, a plaintiff "must recover upon the strength of his own title." *Rogers v. Ricane Enterprises, Inc.*, 884 S.W.2d 763, 768 (Tex. 1994) (citations omitted).

### A. Trespass to Try Title Claim

On this record, Plaintiff need not join E. Shull in its trespass-to-try-title claim. Texas Rule of Civil Procedure 784 provides that the defendant in a trespass-to-try-title action "shall be the person in possession if the premises are occupied, or some person claiming title thereto in case they are unoccupied."[3] TEX. R. CIV. P.

---

[2] Plaintiff alleges that it "seeks a judgment quieting title to the property to Plaintiff." Dkt. No. 1 at 5. It "also seeks a judgment allowing it to seek all appropriate writs and processes for obtaining possession of the property . . . ." *Id.*

[3] As the Texas Supreme Court put it over 100 years ago:
> [t]he fact that a third person claims title to the land in controversy will not entitle the defendants in the suit to have such third person made party thereto if the defendants do not claim as tenants of such

784. A judgment in a trespass-to-try-title action determines title "as between" the named parties; it does not bind nonparties. *Strong v. Garrett*, 224 S.W.2d 471, 476 (Tex. 1949) (holding prior judgment in trespass-to-try-title action not res judicata, i.e., claim preclusive, in trespass-to-try-title action between same plaintiff and defendant not named in first suit); *see also Kerlin v. Arisa*, 274 S.W.3d 666, 667 (Tex. 2008) (per curiam) (reading *Strong* as "holding judgment for title could not be entered against nonparties in actual possession."). As the record supports Plaintiff's assertion that E. Shull no longer occupies the Vista Verde Property, he need not be joined, and any judgment issued will accordingly not bind him. *See Taylor v. Gulf Oil Corp.*, 303 S.W.2d 541, 542 (Tex. Civ. App. 1957) (citing *Steddum v. Kirby Lumber Co.*, 221 S.W. 920) (holding cotenants not in possession did not need to be joined in trespass-to-try-title action even though defendant arguable held only 1/12 divided interest in property).

### B. Quiet Title Claim

A quiet-title action "enable[s] the holder of the feeblest equity to remove from his way to legal title any unlawful hindrance having the appearance of better right," *Gordon v. W. Houston Trees, Ltd.*, 352 S.W.3d 32, 42 (Tex. App.-Houston [1st Dist.] 2011, no pet.) (quoting *Bell v. Ott*, 606 S.W.2d 942, 952 (Tex. Civ. App.-Waco 1980, writ ref'd n.r.e.)), and a prevailing party in a quiet-title action generally obtains a declaration that "the defendant's claim to title" is "invalid or ineffective." *Id.* (citations omitted).

In Texas, "[o]nly persons claiming a present interest in land that constitutes a cloud on title are necessary parties to a quiet title suit, even if a result of the suit voids a conveyance under which they once claimed, but no longer do so." *Hickey v. Henry*, No. 06-97-109-CV, 1998 WL 34344897, at *4 (Tex. App.-Texarkana Aug. 1, 1998) (citing *Outlaw v. Bowen*, 285 S.W.2d 280 (Tex. Civ. App.-Amarillo 1955, writ

---

> third person. If a superior legal title to that of the plaintiff be in another person . . . , the defendants may show that fact as a defense against the plaintiff's right to recover, but this will not entitle him to force the plaintiff and the owner of such superior title to litigate their rights in that suit.

*Houston & T. C. Ry. Co. v. State*, 34 S.W. 734, 735 (Tex. 1896).

ref'd n.r.e.)) (other citations omitted) (holding grantor of deed declared void did not need to be joined as defendant in quiet-title action where grantor no longer asserted claim to property under deed). Plaintiff alleges in its complaint that E. Shull presently claims title and mentions only the August 28, 2006, deed of trust executed by E. Shull and H. Shull. Dkt. No. 1 at 2. The complaint therefore discloses only one possible basis for a claim to the Vista Verde Property by E. Shull—the same deed of trust Plaintiff seeks to invalidate as against H. Shull. *See id.* As Plaintiff seeks to extinguish a claim of title through the August 28, 2006, deed of trust and continues to allege in its complaint that E. Shull claims title through that instrument, Plaintiff must join E. Shull. *See Hickey*, 1998 WL 34344897, at *4; *cf. also Clark v. Deutsche Bank Nat. Trust Co.*, No. 2:12-CV-231-KS-MTP, 2013 WL 3821568, at *4 (S.D. Miss., July 23, 2013) (finding cotenant and co-maker of mortgage notes necessary parties in quiet title action to determine validity of trust deeds to secure notes under Mississippi law).

The Court acknowledges that Plaintiff's complaint's conflicts with Plaintiff's more recent allegation that E. Shull does not claim an interest in the Vista Verde Property, but Plaintiff has not sought leave to amend its complaint. The court will not rewrite on its own motion Plaintiff's complaint to make it seek arguably less relief than it presently does.

### III. MOTION FOR SUMMARY JUDGMENT

Plaintiff moved for summary judgment before the Court entered orders raising concerns about E. Shull's residency. *See* Dkt. No. 24. Because the Court has dismissed Plaintiff's claims against E. Shull and its quiet-title claim, Plaintiff's motion for summary judgment has been mooted to the extent it seeks relief pertaining to E. Shull and on Plaintiff's quiet-title claim. Consequently, the Court considers only whether summary judgment against H. Shull on Plaintiff's trespass-to-try-title claim is warranted.

#### A. Summary Judgment Standard

A motion for Summary judgment must be granted when the movant establishes that the pleadings, affidavits, and other evidence available to the Court

demonstrate that no genuine issue of material fact exists, and the movant is thus entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Piazza's Seafood World, LLC v. Odom*, 448 F.3d 744, 752 (5th Cir. 2006); *Lockett v. Wal-Mart Stores, Inc.*, 337 F. Supp. 2d 887, 891 (E.D. Tex. 2004). "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-movant." *Piazza's Seafood World, LLC*, 448 F.3d at 752 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The Court must view all evidence in the light most favorable to the non-moving party. *Id.* ; *Lockett*, 337 F. Supp. 2d at 891. Factual controversies must be resolved in favor of the non-movant, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 36 F.3d 1069, 1075 (5th Cir. 1994). Thus, the Court will not, "in the absence of proof, assume that the nonmoving party could or would prove the necessary facts." *Id.* (emphasis omitted) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)); *see also TIG Ins. Co. v. Eagle, Inc.*, Civ. Action No. 05-0179, 2007 WL 861153, at *2 (E.D. La. 2007) (quoting *Little*, 36 F.3d at 1075).

    The non-movant has no duty to respond to a motion for summary judgment until the moving party carries its initial burden of showing that no genuine issue of fact exists. *See Lockett*, 337 F. Supp. 2d at 891 (citing *Ashe v. Corley*, 992 F.2d 540, 543 (5th Cir. 1993)). However, if the movant carries its burden, the non-movant must then come forward with specific evidence to show that there is a genuine issue of fact. *Lockett*, 337 F. Supp. 2d at 891; *see also Ashe*, 992 F.2d at 543. The non-movant may not merely rely on conclusory allegations or the pleadings. *Lockett*, 337 F. Supp. 2d at 891. Rather, it must cite specific facts identifying a genuine issue to be tried in order to avoid summary judgment. *See* FED. R. CIV. P. 56(e); *Piazza's Seafood World, LLC*, 448 F.3d at 752; *Lockett*, 337 F. Supp. 2d at 891. "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992)). Thus, once it is shown

that a genuine issue of material fact does not exist, "[s]ummary judgment is appropriate . . . if the non-movant 'fails to make a showing sufficient to establish the existence of an element essential to that party's case.'" *Arbaugh v. Y&H Corp.*, 380 F.3d 219, 222–23 (5th Cir. 2004) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

### B. Analysis

In Texas, "[a] trespass to try title action is the method of determining title to lands, tenements, or other real property." TEX. PROP. CODE § 22.001. "To prevail in a trespass-to-try-title action, a plaintiff must usually (1) prove a regular chain of conveyances from the sovereign, (2) establish superior title out of a common source, (3) prove title by limitations, or (4) prove title by prior possession coupled with proof that possession was not abandoned." *Martin v. Amerman*, 133 S.W.3d 262, 265 (Tex. 2004) (citing *Plumb v. Stuessy*, 617 S.W.2d 667, 668 (Tex. 1981)). A plaintiff utilizing the second method "may prove a prima facie case by connecting its title and [the defendant]'s title through complete chains of title to the common source and then by showing that [the plaintiff's]) title is superior." *Rogers v. Ricane Enters., Inc.*, 884 S.W.2d 763, 768 (Tex. 1994) (citing *Adamson v. Doornbos*, 587 S.W.2d 445, 447 (Tex. Civ. App.—Beaumont 1979)).

Plaintiff has carried its burden to make out a prima facie case connecting its and H. Shull's title to the Vista Verde Property to a common source and that Plaintiff holds better title as between them. In support of its motion for summary judgment, Plaintiff submits an August 28, 2006, deed of trust from H. Shull and E Shull. Dkt. No. 24 Ex. A. On its face, this deed grants Washington Mutual Bank a security interest in the Vista Verde Property securing a $75,000 note.[4] *See id.* at 1. Next, Plaintiff submits a document entitled Assignment of Deed of Trust dated June 21, 2010, conveying Washington Mutual Bank's security interest to Plaintiff. *See* Dkt. No. 24 Ex. D. Finally, Plaintiff tenders a June 13, 2011, substitute

---

[4] The deed of trust in the record bears a file stamp indicating that it was recorded on August 30, 2006, by the Clerk of Cameron County, Texas as document number 50854. *See* Dkt. No. 24 Ex. A at 6.

trustee's deed reciting that Plaintiff purchased the Vista Verde Property at a foreclosure sale on June 7, 2011. Dkt. No. 24 Ex. B at 1. The substitute trustee's deed states that the current beneficiary "has appointed substitute trustee as authorized under the deed of trust," and it also includes a recitation that "notices stating the time, place, and terms of sale of the property were mailed, posted, and filed as required by law." *Id.* at 1.

These "recitals are prima facie evidence that the terms of the trust were fulfilled. . . ."[5] *Houston First American Sav. v. Musick*, 650 S.W.2d 764, 767 (Tex. 1983) (citing *Slaughter v. Qualls*, 162 S.W.2d 671, 676 (1942)) (explaining that presumption may be rebutted); *see also* Dkt. No. 24 Ex. A ¶¶ 21, 23 (setting forth conditions on trustee's power of sale, providing that recitations in trustee's deed that conditions are satisfied shall be "prima facie evidence of the truth of the statements made therein," and authorizing owner of security interest or successor to appoint substitute trustee). Because H. Shull has not come forward with evidence rebutting Plaintiff's prima facie showing, Plaintiff's motion for summary judgment must be granted.

Plaintiff seeks an award of attorney's fees in its complaint. Dkt. No. 1 at 6. The Texas trespass-to-try-title statute does not permit the recovery of attorney's fees. *See Martin*, 133 S.W.3d at 267 (holding trespass-to-try-title plaintiff could not recover attorneys' fees and could not proceed alternatively under Texas Declaratory Judgment Act in order to attempt to recover fees).

### IV. CONCLUSION

For the foregoing reasons, the Court **DISMISSES** Plaintiff's claims against Defendant E. Shull **WITHOUT PREJUDICE** pursuant to Federal Rule of civil Procedure 4(m). The Court also **DISMISSES** Plaintiff's quiet-title claims **WITHOUT PREJUDICE** for failure to join a necessary party. The Court

---

[5] Plaintiff asks the Court to rely on a request for admissions which it states it sent to H. Shull on June 26, 2012. *See* Dkt. No. 24 Ex. E-2 at 10. Plaintiff sent this request before the parties conducted a Federal Rule of Civil Procedure 26(f) conference. Therefore the Court does not rely on these purported admissions to decide Plaintiff's motion for summary judgment. *See* Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), . . .").

**GRANTS IN PART AND DENIES IN PART AS MOOT** Plaintiff's Motion for Summary Judgment, Dkt. No. 24, finding that summary-judgment is appropriate solely on Plaintiff's trespass-to-try-title claim against Defendant H. Shull.  All other relief requested in Plaintiff's motion for summary judgment is denied.  The Court directs Plaintiff to file a proposed form of judgment in accordance with the relief granted herein within 14 days after the entry of this memorandum and order.  All other relief, including Plaintiff's request for attorney's fees, is **DENIED**.

SIGNED this 30th day of August, 2013.

_____
Hilda Tagle
Senior United States District Judge